FILED

JUN 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ANTHONY GUMMO, AKA Michael Chiofar, AKA Michael Anthony Gummo Bear, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> PIERCE COUNTY, All its agents and Employees; et al., <br><br> Defendants - Appellees. | No. 11-35387 <br><br> D.C. No. 3:10-cv-05227-BHS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Michael Anthony Gummo, aka Michael Chiofar, aka Michael Anthony

Gummo Bear, appeals from the district court's judgment dismissing his civil rights

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010), and we affirm.

The district court properly dismissed Gummo's 42 U.S.C. § 1983 claims against defendants City of Seattle, King County, and Pierce County because Gummo failed to allege facts demonstrating that any alleged federal constitutional violations resulted from an official custom, policy, or a failure to train.  *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (discussing requirements for municipal liability under § 1983).

The district court did not abuse its discretion in denying Gummo's motion for appointment of counsel because Gummo failed to demonstrate exceptional circumstances.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

The district court did not abuse its discretion by denying Gummo's motions for reconsideration because Gummo failed to establish any ground for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and discussing grounds for reconsideration).

Gummo's contentions concerning the guardian ad litem appointed by the district court under Fed. R. Civ. P. 17(c) and alleged violations of due process are unpersuasive.

We do not consider arguments concerning claims that were not included in Gummo's complaint, including the negligence claims. *See Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004) (explaining the reasoning for not considering arguments that were not raised before the district court).

**AFFIRMED.**